H. E. Jackson, Sp. J.,
delivered the opinion of tibe court:
The defendant was arraigned before the recorder of the city of Memphis on the 17th of August, 1870, on a charge of violating the “dog ordinance” within the corporate limits of the city. ITe plead guilty to the charge of keeping a dog on his premises in the city of Memphis without being licensed by the city tax collector, but justified under the plea that the said “dog was tied and not permitted to run at large.” This was all the evidence as found by the recorder, who found tbe defendant guilty, and fined bim $5.00 and costs, from which judgment he appealed to the lav/ court of Memphis, where at the May term, 1871, the case was tried upon the same evidence taken before the recorder, and judgment rendered in favor of the defendant. The city appealed to Ibis court, and insists here upon a reversal of the law court judgment on the ground that defendant had violated the 8d section of the “dog ordinance,” in failing to keep his dog muzzled, as required by said section. That section of the ordinance provides that “during the months of June, July, August and September, all dogs *478 shall be muzzled in p. perfect and secure manner, with a wire muzzle, and if any dog shall be found running at large without a muzzle, and without the inclosed premises of the owner or possessor thereof, the said owner shall be lined in a sum of not less than $5.00 nor more than $10.00 for each time such dog may be found running at large, to be collected as other fines.”
It is too clear for discussion that defendant, in keeping his dog tied on his own premises, and not permitted to- run at large, has been guilty of no violation of this ordinance, and the judgment of the law court in favor of defendant is affirmed with costs.